IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MARK S. REESE, SR.,** *et al.***,**

    **Plaintiffs,**

v.                                                                                        Case No. 3:16cv496

**STERN & EISENBERG MID-ATLANTIC, P.C.,**

    **Defendant.**

**[PROPOSED] ORDER GRANTING PLAINTIFFS' CONSENT MOTION FOR ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND DISMISSAL OF CLAIMS WITH PREJUDICE AND OPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE SERVICE AWARDS**

    WHEREAS, the Court has been advised that the Parties to this action, Plaintiffs Mark S. Reese, Sr. and Connie Reese, individually and on behalf of all other similarly situated individuals, with the consent of Defendant Stern & Eisenberg Mid-Atlantic, P.C., through their respective Counsel, have agreed, subject to Court approval following notice to the Settlement Class Members and a hearing, to settle the above-captioned lawsuit (the "Litigation") upon the terms and conditions set forth in their Amended Settlement Agreement (ECF 39-1).

    The Class has been notified of the settlement, as have the attorneys general of the Commonwealth of Virginia and the United States of America. The Court held a hearing on August 31, 2017 at 10:00 a.m., of which Settlement Class Members were apprised in the mail notice, to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Approval Order should be entered in the Litigation. After that hearing and consideration of the record in this case and the applicable law, the Court makes the following findings and conclusions.

    NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of the Litigation and over all settling Parties hereto.

2. **Settlement Class:** Pursuant to Fed. R. Civ. P. 23(b)(3), the matter is hereby finally certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (the "**Settlement Class**"):

> Named Plaintiffs and any individuals residing in the state of Virginia who received a letter in the form of Exhibit A [to the Settlement Agreement] from June 27, 2015 to March 8, 2016.

There are 141 such Settlement Class Members.

3. **Class Representative and Counsel Appointment:** The Court affirms its appointment of Class Representatives and Counsel from its Order on Class Certification. (Doc. 25.)

4. **Final Certification of the Class:** The Court finds that the Settlement Class satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23. Namely, the Court finally finds that:

   a. The Settlement Class Members are so numerous that joinder of all of them in the lawsuit is impracticable;

   b. There are questions of law and fact common to the Settlement Class Members, which predominate over any individual questions;

   c. The claims of the Class Representatives are typical of the claims of the Settlement Class Members;

   d. The Class Representatives and Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and

   e. The Court finds that as to the Settlement Class, class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy,

and a class action is superior to other available methods for a fair and efficient adjudication of this controversy. Consequently, the Court finds that the requirements for final certification of a settlement class under Rule 23(b)(3) are satisfied.

5. **Class Action Notice and Administration:** American Legal Claim Services served as the Court-appointed Settlement Administrator, and oversaw the administration of the settlement and the notification to proposed Settlement Class Members as directed in the Settlement Agreement. The Court approved the Parties' proposed Notice and ordered it mailed to Class Members.

The Settlement Administrator notified all Class Members whose addresses could be obtained through reasonable measures of the terms of the proposed Settlement and the Court's Final Fairness Hearing. The Administrator asserts that this notice is presumed to have reached 98.5% of the Class Members. The Court finds that this notice program was the best practicable under the circumstances, and satisfies the requirements of Rule 23 and due process.

Any further or unpaid Administration Expenses shall continue to be paid in accordance with the Settlement Agreement.

6. **Objections and Exclusions from the Settlement Class:** No Class Member objected to the Settlement, and no Class Member requested exclusion. All Class Members will therefore be bound by the terms of the Settlement.

7. **Notice the Class Action Fairness Act:** The Defendant has confirmed that it served notice under the Class Action Fairness Act on the attorneys general of the Commonwealth of Virginia and the United States of America on March 28, 2017. (ECF 51.) Neither of these government bodies commented-on or objected-to the Settlement.

8. **Class Representative Service Awards:** Per the Parties' Agreement, Plaintiffs requested an award for their service to the Class of $1,500 each, or $3,000 total. (ECF 47.)

Defendant does not oppose this request. Judge Novak has recommended that these awards be made and the Court, finding the amounts to be reasonable given the facts of this case and in-line with such awards given in other cases in this District and Circuit, concludes the awards should be given and hereby orders as such in accordance with the Settlement Agreement.

       9.    **<u>Attorneys' Fees and Costs:</u>** Also per their Agreement, the Parties submitted the issue of attorneys' fees and costs to Magistrate Judge Novak for Report and Recommendation. (ECF 47–50.) Judge Novak issued his R&R on June 6, 2017 (ECF 52), to which Plaintiffs tendered timely objections (ECF 53). Following the Court's August 31, 2017 Final Fairness Hearing, the Court ordered additional briefing on the issue of attorneys' fees and will decide the appropriate award in a separate Order. (ECF 60.)

The Defendant did not challenge the requested award of costs (*see* ECF 49), and the Court concludes that they are reasonable and of the sort that are commonly reimbursed in cases such as this. The Court therefore orders that Defendant to pay Class Counsel's reasonable litigation costs incurred of $746.40 within fourteen days of the entry of this Order.

       11.    The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the Settlement, including the administration and enforcement of the Settlement Agreement.

       12.    Plaintiffs' claims, and those of Class Members, are hereby dismissed with prejudice in accordance with the Settlement Agreement.

     IT IS SO ORDERED.

Dated: _____    _____
                                                                 Robert E. Payne
                                                   Senior United States District Judge